A98A1805. SMITH v. PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY.

(511 SE2d 282)

ANDREWS, Judge.

Christopher Smith was involved in a motor vehicle collision with David Howard in Liberty County, Georgia, on November 17, 1996, and sued Howard for injuries he allegedly suffered in the accident. Because Howard was either underinsured or uninsured, Smith served Prudential Property & Casualty Insurance Company pursuant to OCGA § 33-7-11 (d) as the insurance carrier responsible for providing him with uninsured motorist coverage. The trial court granted Prudential's motion for summary judgment asserting that Smith was not entitled to coverage, and Smith appeals.

Smith claimed that Prudential was obligated to provide uninsured motorist coverage under a policy issued in New York by Prudential to Michael and Barbara Sankevicus, Smith's stepfather and mother, who reside in New York. The policy, which included a supplementary uninsured motorist endorsement, listed a 1990 Plymouth Acclaim, a 1990 Pontiac Grand Prix, and a 1986 Jeep Comanche as the insured vehicles. At the time of the accident, Smith was operating a motorcycle owned by him and registered in Liberty County, Georgia, but not listed as an insured vehicle under the policy.

Smith contended that, under the terms of the policy, he was an insured for purposes of uninsured motorist coverage because he resided at the household of his mother and stepfather in New York, even though he was stationed in Georgia as a member of the United States Army at the time of the accident. We need not decide this issue because, even assuming Smith was an insured under the policy, the policy contained an exclusion which otherwise prevented Smith from claiming uninsured motorist coverage. The policy provided that uninsured motorist coverage did not apply "to bodily injury to an insured incurred while occupying a motor vehicle owned by that

insured, if such motor vehicle is not insured for [uninsured motorist] coverage by the policy under which a claim is made. . . ." Since the motorcycle Smith owned and operated at the time of the accident was not an insured vehicle under the policy, the plain terms of the policy provided that Smith had no uninsured motorist coverage.

Smith argues that, even if the exclusion was valid in New York,[1] the exclusion is invalid in Georgia because it is inconsistent with the provisions of OCGA § 33-7-11 (b) (1) (B) defining an insured for purposes of uninsured motorist coverage and therefore violates Georgia public policy. Assuming arguendo an inconsistency between the exclusion and the provisions of OCGA § 33-7-11, the policy on which Smith makes his claim was issued in New York to New York residents and provided coverage for vehicles owned and operated by those residents in New York. In *Amica Mut. Ins. Co. v. Bourgault*, 263 Ga. 157 (429 SE2d 908) (1993), the Supreme Court addressed the question of whether a similar exclusion for uninsured motorist coverage in a policy issued in New York violated uninsured motorist coverage provisions set forth in OCGA § 33-7-11. Like the present policy, the policy in *Bourgault* contained an exclusion which excluded uninsured motorist coverage where the insured was occupying a vehicle not insured for such coverage under the policy. Id. at 158. After being issued in New York to cover three vehicles registered and principally garaged and operated in New York, the policy was delivered in Georgia to the Bourgaults, who were residents of Georgia. Id. at 157-158. Like Smith, the Bourgaults claimed uninsured motorist coverage under the policy even though the vehicle they were occupying at the time of the collision with the uninsured motorist was not an insured vehicle under the New York policy. Id. The Court found that, because the vehicles insured by the policy were principally garaged and used in New York, the law of New York applied to determine the validity of the policy exclusion rather than Georgia law. Id. at 160. The Court further found that applying OCGA § 33-7-11 to the policy issued in New York pursuant to New York law and New York insurance rates would unfairly deprive the insurance company of the degree of certainty necessary for determining the cost and extent of coverage. Id. at 161. Accordingly, the Court declined to apply OCGA § 33-7-11 to invalidate the exclusion at issue. Id. at 157-161.

In considering the similar exclusion in this case, we conclude that New York law applies to the policy and OCGA § 33-7-11 does not invalidate the exclusion. *Bourgault*, supra at 160-161. The trial court correctly granted summary judgment in favor of Prudential.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

---

[1] See New York Ins. Law §§ 3420 (f) (2); 5102; 5103.

DECIDED FEBRUARY 2, 1999.

*Pirkle & Pirkle, Robert F. Pirkle*, for appellant.

*Karsman, Brooks & Callaway, Stanley Karsman, Timothy J. Haeussler*, for appellee.